Zetley, Respondent, vs. Jame Realty Company, Appellant.

*November 12—December 9, 1924.*

*Negligence: Barrier along excavation: Unsafe condition: Liability of owner of premises: Invitees and licensees.*

1. The defendant, the owner of a lot from which a building had been removed, leaving an eight-foot basement excavation, is *held* negligent in not maintaining in a safe condition a barrier extending along the basement hole from an iron railing to a building on the adjoining lot, also owned by the defendant, the lower floor of which plaintiff and her husband, as tenants of the defendant, occupied as a store and living quarters,— the evidence disclosing that the barrier consisted of a one-by-seven inch board nailed to the building by a small nail which had become rusted, and that the board was so rotted that it slipped over the nail and fell down when plaintiff rested her hands upon it. p. 208.

2. The evidence indicating that the fencing of the area adjoining the building was an implied invitation to the tenants and the public to use the same, it is *held* that the jury were warranted in finding that the barrier placed in front of the excavation became a snare and a trap instead of a safeguard against accident; and plaintiff, who entered the area to recall a customer who had left the store, is *held* to have been an invitee in the use she made of the premises. p. 209.

3. Where premises are so connected with an adjoining public way as to indicate public use, an invitation to so use them is implied, and the owner must use ordinary care to protect users from personal injury. p. 209.

4. Even as to licensees, the owner of premises may not make a trap or snare thereon, inducing the public to use them, without liability on his part. p. 210.

APPEAL from a judgment of the circuit court for Milwaukee county: W. B. QUINLAN, Judge. *Affirmed.*

Personal injury. This is an appeal from the judgment of the circuit court for $2,000 damages and costs assessed by the jury against the defendant on account of personal injuries to the plaintiff.

*George A. Affeldt* of Milwaukee, for the appellant.

For the respondent there was a brief by *McGovern, Hannan, Devos & Reiss* of Milwaukee, and oral argument by *Francis E. McGovern.*

CROWNHART, J. The claim of the plaintiff was that she fell from the street into an excavation on the defendant's land through the negligence of the defendant in placing an insufficient barrier in front of said excavation.

Sixth street runs north and south and Cherry street runs east and west at right angles crossing Sixth street. The defendant owned the premises at the southwest corner of said streets, consisting of a vacant lot on the corner and the adjoining lot, upon which was situated a two-story frame building fronting on Cherry street. The plaintiff with her husband were tenants of the defendant, occupying the lower floor of said building. At the time of the accident they were conducting a second-hand store in the front of the building, and the rear was occupied as living quarters. The defendant acquired this property in 1914, at which time there was a building on the now vacant lot immediately east of the building occupied by the plaintiff. The building on the now vacant lot was, shortly after the purchase by the defendant, removed, leaving a basement hole or excavation

nearly eight feet deep, which, at the time of the accident, was partially covered with rocks and blocks of cement. After the building was removed the defendant caused to be placed· across in front of said excavation a wooden bar, being a board one inch thick and seven inches wide, and attached to the corner of the building in which the plaintiff lived and running parallel with the sidewalk to a post a distance of four or five feet. The building set back from the street line a distance of three feet. From the post about four feet east of the building to the corner of the lot on Sixth street there was a strong iron railing at the edge of the sidewalk to protect pedestrians from falling off the walk into the excavation on the lot. This iron railing ran to a point on Cherry street opposite the wooden post, and then turned south to the wooden post and was fastened thereto. A cement walk was laid from the sidewalk on Cherry street to the building and to the barrier nailed from the building to the post. At the corner of the building next to the barrier was a door leading to the upstairs apartment and opening onto the area to Cherry street. In front of the middle of the building was a light area for the basement, fenced by a strong iron railing, and to the west of this was the walk leading to the entrance to plaintiff's store. The cement walk to defendant's premises, including the open area in front of the vacant lot, was of the same nature and on the same level as the city sidewalks.

·On the day of the accident the plaintiff was in the store trying to sell a pair of shoes to a colored man. He left without making a purchase, and went east on Cherry street and turned south on Sixth street. The plaintiff sought to recall the colored man, and passed out of the door along the cement walk and turned to the wooden barrier and called across from that point to where the colored man was on Sixth street. As she did so she placed her two hands upon the board barrier, when it gave way and plaintiff lost her balance, fell into the excavation upon the rocks, and re-

ceived severe injuries. The cause was submitted to the jury, which rendered a verdict to the effect that the defendant was guilty of negligence in failing to maintain a sufficient barrier at the place in question; that plaintiff was not guilty of contributory negligence; and fixing damages at $2,500.

The appellant relies on the following assignments of error: overruling defendant's motion for a nonsuit; over-ruling the defendant's motion for a directed verdict; refusal to change the answers in the special verdict; denying motion for a new trial; and in ordering judgment for the plaintiff. These errors are all discussed under the two heads, to wit: that under all the facts the defendant did not owe any duty to the plaintiff to erect or maintain a barrier at the point in question; and second, the plaintiff was guilty of contributory negligence. The amount of the damages is not in dispute.

We think the insufficiency of the barrier was clearly proven. It appeared that the plaintiff merely rested her hands upon it lightly, when it gave way. An examination of the fastening to the corner of the house after the accident would indicate that it was nailed thereto by one small nail, which had become badly rusted, and that the board evidently was rotted around the nail so that it slipped over the nail and dropped down. The board disappeared after the accident and was not in evidence. It had been put up in 1914 and had been there ever since. The fact that it gave way under the circumstances was sufficient to show that the barrier was unsafe.

The president of the defendant corporation testified that he visited the place five or six times a month ever since its purchase in 1914; that he had caused the barrier to be placed there, and knew it was there, but that he had not observed its fastening or its dangerous condition. Assuming that the appellant owed the plaintiff the duty of maintaining a barrier, it was plainly evident that it was guilty of negligence in not maintaining the barrier in question in a safe condition.

The appellant relies upon the rule that the owner of land does not have to maintain his premises in a safe condition for trespassers, and claims that the plaintiff, in walking out on the concrete walk and putting her hands on the barrier, was a trespasser; that this particular part of the cement walk was on the defendant's land and was not appurtenant to the building, and not for the use of the tenants of the building. It will be noticed that the area in front of the house was fenced from the sidewalk to the building and along the walk by a barrier to a post and then again by a railing back to the street sidewalk. These fenced areas formed the entrances to the building in which the plaintiff was a tenant. It does not appear that the tenants in the building were restricted to any particular part of this fenced area, and it would seem that the fencing of it, connecting it with the building in this manner, was an implied invitation to the tenants of the building and to the public to use this open area for their convenience and comfort. The evidence indicates it was so used. That being so, the jury were warranted in finding that the barrier which was placed in front of the excavation became a snare and a trap instead of a safeguard against accidents.

The principles of law applicable to invitees, licensees, and trespassers are discussed in *Gorr v. Mittlestaedt,* 96 Wis. 296, 71 N. W. 656. We will not review the authorities there cited. The principle here applicable may be stated in this way: Where premises adjoining a public way are so connected with the public way as to indicate a public use, an invitation to so use is implied. In such case the' owner is bound to use ordinary care to protect users of such way from personal injury by reason of such use.

The defendant had fenced in all his lands fronting on Cherry street, and had fenced around the open areas in front of his building. The building was a public building. Its front windows contained a sign "New and Old Shoes Sold Cheap." It was rented and used as a store into which the

public was invited. Its front came within three feet of the lot line, and the sidewalk was continued up to the building on the same level and of the same material. Under such circumstances we must hold that the plaintiff was an invitee in the use she made of the premises. Even as to licensees, the owner may not make a trap or snare on his premises and so induce the public to use the same, without any responsibility on his part. *Brinilson v. C. & N. W. R. Co.* 144 Wis. 614, 129 N. W. 664. The barrier having become insecure, it constituted a dangerous snare for one traveling on the walk and who might be led to use the same as did the plaintiff in this case.

*By the Court.*—The judgment of the circuit court is affirmed.