[Civ. No. 13750.   Second Dist., Div. Two.   Oct. 28, 1942.]

MARIE E. DAVIS, Appellant, v. WEST SHORE COMPANY (a Corporation), Respondent.

Ben W. McLendon for Appellant.

De Forrest Home for Respondent.

McCOMB, J.—This is an appeal from a judgment entered in favor of defendant in an action to recover damages for personal injuries. The judgment was predicated upon the granting of defendant's motion for a judgment in its favor upon the ground that the opening statement of counsel for plaintiff failed to disclose any actionable negligence upon the part of defendant.

The record being viewed in the light most favorable to plaintiff, which we must do in reviewing a judgment predicated upon the granting of defendant's motion for a judgment because plaintiff's opening statement fails to disclose any liability upon the part of defendant, the material facts are:

After a jury was duly impaneled, plaintiff's counsel made to the jury the following opening statement:

"Ladies and gentlemen of the jury, this is the case of Mrs. Davis, plaintiff, against West Shore Company, a corporation, wherein Mrs. Davis claims that she was injured upon the property of the West Shore Company on West Jefferson near the corner of Clinton avenue.

"We expect the evidence to show that Mrs. Davis, who resided in that neighborhood, went to this store in an automobile, got out and went into the grocery store and did a little shopping there; she came around the store—the front of the store to the east—where her children had parked their car. She was going to her car and crossing the property of

the West Shore Company, as they admit in their answer. The portion of the ground that she was crossing was paved. We will show by the evidence it was level with the floor of the store, level with the sidewalk, level with the pavement in front of the little restaurant which was alongside of the grocery store, and that that was painted green. *That when she came out of the store she turned the corner* to go to her car, which was just south of the corner, crossing this green walk. There was a drop-off of some two or three inches, apparently buildings had been there at one time and had been removed—at least there were some indications of that. There was no indication at all of the drop-off from the direction in which she was coming, and from the other one you could see the drop-off. *She lost her footing* at that particular place where the drop-off was and fell and was injured. She was under the care of physicians and had numerous treatments and was under treatment for a considerable time, and has had numerous X-rays and is even at this time suffering from the effects of the fall.

"We expect the evidence to show this was a public market where the general public was invited to come and trade. That this property where she fell is a portion of the market property outside of the building, and that a portion of that same lot, back near the alley and the sidewalk on Jefferson, is used for parking space for the Sel-Rite cars. That she was an invitee upon those premises and that it is customary for customers to walk across these premises and that they were negligent in not giving some notice of repairing that, and it was obvious to them that the defect was there, and it was not obvious to the person who had not come through it from the east side or the opposite direction. She was an invitee upon those premises." (Italics added.)

At the close of plaintiff's opening statement, defendant's counsel made the following motion:

"If the Court please, at this time, before the introduction of any evidence, the defendant moves for a judgment on the pleadings, on the grounds:

"(1) That the complaint does not state facts sufficient to constitute a cause of action against the defendant; and,

"(2) On the ground that the complaint affirmatively shows contributory negligence on the part of the plaintiff.

"In the event that the motion should be denied, and only in that event, the defendant moves for a directed verdict on

plaintiff's opening statement upon the ground that counsel's opening statement has purported to relate the facts that he expects to prove, and the facts show, first, that the plaintiff was not an invitee, and there was no wilful injury. Second, that if she was an invitee, this is an open and obvious danger (if it may be called a danger at all) against which there was no duty and no obligation on the part of defendant to warn the plaintiff. Third, upon the ground that his opening statement affirmatively shows it was there for the plaintiff to see if she had looked. There is no reason or excuse either for her not looking and it affirmatively appears that she is guilty of contributory negligence.''

After argument the trial judge stated, ''The motion is granted,'' and thereupon discharged the jury, subsequently signing a judgment in favor of defendant, reading in part as follows:

''. . . plaintiff having made an opening statement to jury of all facts which he expected to prove in said action, and the defendant having thereupon moved the Court to enter judgment for the defendant against the plaintiff upon the ground: . . .

''(2) That the opening statement of counsel for plaintiff was insufficient to disclose any liability on the part of the defendant, and also that it showed contributory negligence on the part of the plaintiff as a matter of law, and said motions having been duly argued and authorities considered and being submitted by both parties to the Court for decision, and the Court having concluded that said motions, and each of them, should be granted, the first motion upon the ground that said complaint failed to state facts constituting a cause of action against the defendant, and the second motion on the ground that the opening statement of counsel for plaintiff showed: . . .

''(2) That the place where she fell, if it could be considered a defect at all, was an open and obvious defect against which defendant was not required to give warning or notice to the plaintiff.''

There are two questions presented for our determination, which will be stated and answered hereunder *seriatim.*

*First: Since, from the facts set forth above, it appears that at the time of the argument upon defendant's motion for a judgment on the pleadings, defendant's motion was*

*granted by the trial judge, was it prejudicial error for the trial judge to render a judgment in favor of defendant on the ground that the opening statement of plaintiff's counsel failed to show that defendant was liable to plaintiff?*

This question must be answered in the negative. The oral statement made by the trial judge at the time of the trial, "The motion is granted," is to be construed in the light of the formal judgment subsequently entered wherein it appears that the trial court meant by its statement to grant defendant's motion for a directed verdict, and, since the court was empowered to enter judgment in favor of the defendant even though no verdict was returned by the jury, the procedure followed was not erroneous. (*Reay* v. *Reay,* 97 Cal. App. 264, 271 [275 P. 533] ; *Seperman* v. *Lyon Fire Proof Storage Co.,* 97 Cal. App. 654, 657 [275 P. 980].)

■ *Second: Did the opening statement of plaintiff's counsel disclose that plaintiff did not have a cause of action against defendant?*

This question must be answered in the affirmative. The law is established in California that an invitee is not entitled to recover damages from an invitor for alleged negligence of the latter in not using reasonable care for the protection and safety of its invitees, where the injury did not occur upon the portion of the premises where the invitor actually conducted its business with its invitees but occurred on property adjacent thereto owned by the invitor and used by the general public for sidewalk purposes. (*Gabriel* v. *Bank of Italy,* 204 Cal. 244, 246 [267 P. 544].)

Applying the foregoing rule to the facts of the instant case, it is evident from the opening statement of plaintiff's counsel, which is italicised in the excerpt set forth above that the injury which plaintiff suffered occurred after she had left defendant's store where its business was conducted and while she was on a portion of defendant's land used by the public but not a part of the store into which she had been invited, and thus there was no liability upon the part of defendant to plaintiff.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., concurred.

WOOD (W. J.), J.—I dissent. In my opinion the court has incorrectly applied the rule pertaining to opening state-

ments. It has placed upon plaintiff's counsel a burden that is far too onerous.

The Sel-Rite Market is made a party defendant in the complaint, in which plaintiff alleges that defendants owned, maintained and operated a food market upon the premises where the "drop-off" was located. Plaintiff further alleged that she was a customer upon said premises; that the "drop-off" caused her to lose her balance by stumbling, resulting in her injuries; that defendants, well knowing the premises, negligently left them unguarded and without warning signs.

The practice of ordering judgment for the defendant upon an opening statement by counsel for the plaintiff was characterized as "dangerous" in *Bias* v. *Reed*, 169 Cal. 33 [145 P. 516]. Such an order should not be made unless it is clear that counsel has undertaken to state all of the facts which he expects to prove, and it is plainly evident that the facts to be proved will not constitute a cause of action. "We would observe that it would be much better not to nonsuit on an opening statement, unless it is clearly made, and it is plainly evident therefrom that no case can be made out." (*Emmerson* v. *Weeks*, 58 Cal. 382, 384.) The opening statement of counsel for plaintiff is far from a model. It unquestionably lacks clarity. It is difficult to discover from the opening statement the exact location of the "drop-off" which caused plaintiff's injuries. However, it is alleged in the complaint that the "drop-off" was on the premises operated by defendants and it does not appear from the opening statement that the "drop-off" was on any other property. Indeed, in the first part of his statement counsel told the jury that "Mrs. Davis claims that she was injured upon property of the West Shore Company" and that she was a customer of defendant. Counsel further stated that the property where plaintiff fell was "used for parking space for the Sel-Rite Market." Counsel did not purport to state all of the facts concerning the point at which the accident occurred or all of the facts concerning the use which was being made of the property. It does not appear from the statement that the accident occurred at a place used as a public sidewalk or on a portion of defendants' land used by the general public.