[Civ. No. 3064.   Fourth Dist.   Apr. 20, 1943.]

ALBERT A. SATTERBERG, Respondent, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Appellant.

Thos. J. Straub, F. H. Pearson and W. R. Dunn for Appellant.

H. E. Barbour, W. B. Backlund and Lawrence W. Young for Respondent.

BARNARD, P. J.—This is an action for damages. The plaintiff was injured when his plow came into contact with certain electric equipment maintained by the defendant. A power pole stood in the public highway in front of the plaintiff's vineyard, being some seven feet from the property line. An iron pipe had· been driven into the ground a few inches from this pole, the top of the pipe being three or four inches below the surface of the ground at the time in question. A ground wire covered by a wooden molding extended from a transformer near the top of the pole to a point some twelve or fourteen inches below the surface of the ground. From that point this ground wire, uninsulated and unprotected, was looped outward and upward to the top of the iron pipe where it was attached by a clamp. This equipment was installed in 1923.

In April, 1941, the plaintiff was plowing his vineyard with a one-horse plow. In accordance with the usual custom he was plowing a few feet beyond the property line and turning in the roadway. As he made such a turn and was plowing back toward the vineyard he drove the plow so that the guide bar thereon would touch the pole, leaving the plowshare close to the pole, in order to plow under weeds and grass which were near the pole. As he was doing this the point of his plowshare came into contact either with the iron pipe or with the uninsulated wire near the place where it joined the pipe. As a result of this contact the plaintiff received an electric shock causing serious injuries. In this action which followed a jury returned a verdict in his favor for $7,500 and the defendant has appealed from the judgment.

It is first contended that the complaint failed to state a cause of action and that the appellant's demurrer thereto should have been sustained. It is argued that by failing to allege that he did not know of the presence of this iron pipe and this portion of the ground wire the respondent admitted that he did have such knowledge and that the allegations of the complaint are not sufficient to bring him within that class of persons who might be said to have innocently come into contact with this part of the equipment. The case of *Hauser*

v. *Pacific Gas & Elec. Co.*, 133 Cal.App. 222 [23 P.2d 1068], is particularly relied upon. In that case it appeared that the injury resulted not from an accidental contact with the wire but from a deliberate act of the plaintiff taken with full knowledge of the circumstances. No such situation here appears. The complaint here described this particular installation below the surface of the ground, alleged negligence in failing to place, protect or insulate this ground wire and pipe so as to prevent the charging with or escape of electric current therefrom, and alleged that the appellant improperly placed and allowed the same to remain in an unprotected condition and in one dangerous to a person who might innocently come in contact therewith. While the complaint is not a model it is sufficient to apprise the appellant of the facts relied upon by the respondent, the case was tried upon that theory and no possible prejudice to the appellant appears, and the cases relied upon by the appellant are not controlling.

It is next urged that the court should have granted a nonsuit or a directed verdict and that the judgment is against law because the respondent took himself out of the class of persons who might innocently have come in contact with this wire or pipe, in the exercise of their lawful occupation, in that he testified that he intentionally drove the point of his plow toward this pole with the intention of striking it at the very place where he knew the wire to be. In this connection it is argued that the respondent was a trespasser at the time in question, with the result that the appellant owed no duty toward him other than to refrain from wilful or wanton injury. The respondent testified that he intended on this occasion to plow up next to the pole for the purpose of cleaning out the weeds and grass. The appellant relies on a part of one sentence of the respondent's testimony in which he said: "I mean to hit any object that I go near, so as to clean everything from it." This was a part of the answer to a question as to whether in past years the guide bar of the plow always touched the pole when he went by with the plow. The entire answer was "I have an idea it did, but I don't remember. I never paid any attention to that. I kind of think it did, because I mean to hit any object that I go near, so as to clean everything from it." The respondent directly testified that on this occasion he meant to have the guide bar on the plow strike the pole in such a manner that the plowshare would go around the pole. The only reason-

able inference from all of the evidence is that he tried to plow up close to the pole to clean out the weeds and that he neither intended to nor did strike the pole with his plowshare. While the appellant contends that the respondent knew exactly where the wire was and that he intentionally or recklessly drove his plowshare against the wire at the point where it joined the iron rod there is nothing in the evidence to sustain this contention. While it appears that the respondent knew that there was a ground wire running down this pole which was covered by a wooden molding it clearly appears that he knew nothing about any part of the installation which was below the surface of the ground. Insofar as he had knowledge of it this ground wire was running along the surface of the pole and was covered. He might naturally and reasonably assume that the same situation existed below the surface of the ground. So far as appears from the record he had no knowledge of, and there was nothing to indicate to him, the fact that this wire after entering the ground extended beyond its covering and was looped upward and outward to join the top of a buried pipe at a point near the surface of the ground. The situation which actually existed was not only unknown to the respondent but was one which could well be described as a trap. There was nothing to warn anyone that it would be dangerous to plow up to this pole and, to say the least, the only possible question in this regard was one of fact.

It is further argued that the respondent was a trespasser here because, although he was the owner of the property constituting the roadway, subject to an easement for the purposes of travel, it must be presumed under the holding in *Gurnsey* v. *Northern Cal. Power Co.*, 160 Cal. 699 [117 P. 906, 36 L.R.A. N. S. 185], that the appellant, having installed its power line along this highway, had acquired the right to do so by grant or eminent domain. Such a presumption does not necessarily follow from the holding in the case cited as it might also be presumed that the respondent had merely lost the right to bring an action in ejectment. In any event, no more could be presumed than that the appellant had acquired in some way the right to maintain its power line along this highway in which the respondent also possessed some rights. In the absence of any other evidence than the presumption relied on it must be presumed that the right acquired by the appellant to maintain its power line on this roadway was one

in the usual form in which such rights are customarily acquired, and that the respondent as the owner of the fee had the right to use the property insofar as such use did not interfere with the right of the appellant. The respondent was engaged in thus using the property and insofar as anything he knew or could see is concerned he was doing nothing to interfere with any right which the appellant may have acquired. In our opinion, his status was not changed to that of a trespasser merely because the appellant had installed a part of its equipment underneath the ground and where the respondent could not reasonably be expected to know anything about it. (*Langazo* v. *San Joaquin L. & P. Corp.*, 32 Cal.App.2d 678 [90 P.2d 825].) Assuming that the appellant had the right to install this portion of the equipment in that place it does not follow that it had the right to install it in that manner, or that the respondent had no rights in the area over and about the buried equipment.

It is next urged that there is no evidence that the appellant negligently placed and permitted this wire and pipe to remain in this position so near the surface of the ground. It is argued that since the respondent had plowed near this pole for some eighteen or twenty years he must have thus removed some of the dirt so that eventually the wire and pipe were too near the surface of the ground, and that certain pictures in the record indicate that this must have occurred. Assuming that there is enough evidence in the record to have sustained a finding in this connection in favor of the appellant the evidence is ample to sustain the jury's implied finding to the contrary.

Appellant's next point is that it clearly appears from the evidence that the injuries suffered by the respondent were caused solely by the negligence of a third party. There is evidence that this ground wire was installed for the purpose of carrying excess voltage into the soil in case of lightning striking the wires on the pole or in case of a short circuit occurring. After the accident, it was discovered that the insulation on some wires in connection with a pump belonging to a neighbor of the respondent had rubbed off with the result that while that pump was running the electricity was passing therefrom into the ground and thence into the ground wire on the pole here in question. It appears quite probable that this was the source of the electricity which caused the

injuries to the respondent. ▮ The fault of a third party which may have contributed to the injury is no defense for one whose own negligence helped to bring about the injury. (*Pastene* v. *Adams*, 49 Cal. 87.) ▮ The appellant was handling a dangerous instrumentality and we are unable to see how it makes any difference in this case whether the electricity itself came directly from appellant's wires or came back into those wires after having passed through another's property. Regardless of any negligence on the part of a third party this injury would not have occurred had it not been for the appellant's installation and the fact that the respondent came into contact therewith because it was hidden from view. If the appellant was negligent in thus maintaining its equipment that negligence was a proximate and contributing cause of the accident and it cannot be said, as a matter of law, that the appellant was without fault.

▮ The last point raised is that the respondent was guilty of contributory negligence in that he failed "to *keep away* from the wire that proximately caused the accident." The respondent had no warning of the concealed danger near this pole. He was engaged in plowing his vineyard and also plowing a few feet of the adjoining highway in order to keep down the weeds, a practice which was common in the vicinity in which he lived. While there was a sign on the pole reading "Danger High Voltage Keep Away" and another sign warning employees of the appellant not to work on the wires without proper equipment, these signs could reasonably have been taken by the respondent as referring to a danger which might be anticipated at the top of the pole, where the main wires and transformer were located, and they could hardly be held sufficient, as a matter of law, to have been a warning of the concealed danger at the base of the pole and underneath the surface of the ground. The entire question of contributory negligence, as well as that of negligence on the part of the appellant, was one of fact for the jury.

It may be further observed that if the sign on the pole was intended as a warning of danger in connection with the ground wire under the surface of the ground, this was an admission of the danger existing in that part of the equipment. The danger inherent in leaving charged wires unprotected is of such common knowledge that, under this view, the jury could well have concluded that this part of the

equipment constituted a dangerous concealed trap, and that even a trespasser might recover if injured by it without contributory negligence on his part.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied May 20, 1943, and appellant's petition for a hearing by the Supreme Court was denied June 17, 1943.