[L. A. No. 19496. In Bank. June 21, 1946.]

LAURA B. JOHNSTON, Appellant, v. DE LA GUERRA PROPERTIES, INC. (a Corporation) et al., Respondents.

W. P. Butcher for Appellant.

Spray, Davis & Gould and Norris Montgomery for Respondents.

GIBSON, C. J.—Defendant De La Guerra Properties, Inc., owned a building, part of which was leased to the El Paseo Restaurant, operated by defendant Smith. Both owner and tenant were sued for damages for injuries suffered by plaintiff, a prospective patron of the restaurant, when she fell onto a private walk which served as one of the approaches to the building. At the conclusion of plaintiff's evidence, the trial court took the case from the jury and granted a nonsuit. Plaintiff appeals from the judgment entered upon such order.

The De La Guerra building was located at the corner of Anacapa and De La Guerra Streets in the city of Santa Barbara. The northerly line of the property adjoined the southerly property line of a service station and parking lot owned and operated by an oil company. The private walk was located on the northerly ten feet of the De La Guerra property and ran the full length of the building, joining at its easterly end the public sidewalk on Anacapa Street and

terminating westerly at the rear of the building. This walk was used as an entrance to the various establishments in the building. Three doors opened onto the walk, one of them leading into a passageway which was used as a side entrance for customers of the restaurant. Signs were maintained over this door by the owner, or by the tenant with the permission of the owner, reading "EL PASEO"—"DE LA GUERRA STUDIOS"—"RESTAURANTE DEL PASEO ENTRANCE." There were three or more other entrances to the restaurant, consisting of passageways leading through the building to the adjoining streets.

For a period of several years after construction of the private walk, and before the oil company acquired the adjoining property, patrons of the establishments in the building used the adjoining property as a parking lot, which had been graded by defendant De La Guerra Properties, Inc., so that it sloped down to the private walk. After the oil company acquired the adjoining premises, it constructed a concrete wall on the southerly edge of its property which abutted and ran the entire length of the walk. The wall varied in height from approximately six inches above the walk at the easterly end to two feet at the westerly end. On the adjoining property, and adjacent to the wall, there was an unpaved parkway ten feet wide. A concrete curb approximately seven inches high separated the parkway from the service station area, which was paved with asphalt and painted with white lines extending from the curb outward diagonally to indicate parking spaces for automobiles. A concrete ramp about 3 feet wide led from the parking area through the parkway to the private walk at a point directly opposite the door which served as a side entrance to the El Paseo Restaurant.

Defendant Smith had at one time made arrangements with the oil company for patrons of his restaurant to park their cars on the service station property without charge, and persons availing themselves of the privilege went directly from the parking lot to the private walk to gain entrance to the restaurant. At the time of plaintiff's injuries, these parking arrangements had been terminated, but, to the knowledge of both defendants, many patrons continued to park on the adjoining property and to approach the De La Guerra establishments from that direction.

At about 8 o'clock on the night of the accident, plaintiff, who was 65 years of age, was driven by her husband, in the

company of her sister and two friends, to the parking lot adjoining the De La Guerra property. The service station was closed but plaintiff's husband parked his automobile facing toward the El Paseo Restaurant where the parties contemplated taking dinner. Plaintiff had been to the restaurant on one occasion prior to the accident, at which time the car had been parked near Anacapa Street in the service station lot, and she had walked across the parkway and stepped down to the private walk at a point where the concrete wall was only six or seven inches higher than the walk. On the night of the accident, however, plaintiff's car was parked closer to the westerly end of the parking lot. The night was dark and the surrounding area was unlighted. Plaintiff and her sister got out of the parked automobile and made their way toward the private walk and the restaurant. Because of the darkness they could not see where they were going, so they "picked [their] way along very carefully," heading toward the private walk which plaintiff knew was there by reason of her prior visit. Plaintiff testified that because of her previous experience she "thought there was just a low step from that curb down to the walk, when you walked across there. And I put my foot—my left foot on the curb, and I went to step down with my right. I did not trip. I went to step down with my right foot six or seven inches, and instead of that I stepped right down into space . . . I lost my balance and fell and broke my hip." The wall was 18 inches above the walk at the point where plaintiff stepped off. The condition of the De La Guerra premises in relation to the adjoining property was thus an important factor in causing the accident. The general area was unlighted and because of the darkness plaintiff had no knowledge and no means of determining that the wall at this point was 18 inches above the walk. There were no guard rails or other protective devices along the walk which might have served to prevent the happening of the accident which occurred when plaintiff fell from the wall onto the private walk.

### NEGLIGENCE OF OWNER.

At the outset, it should be noted that the liability of owner and tenant must be based on the respective negligence of each. Because of the circumstances of this case, we need not concern ourselves with the general rule that an owner is not subject to liability during the term of a lease for harm caused

to third persons upon the leased premises resulting from the condition of the premises or the activities of the tenant, nor with any of the established exceptions to this rule. (See Prosser on Torts [1941], pp. 648-657; *Burroughs* v. *Ben's Auto Park, Inc.*, 27 Cal.2d 449, 453 [164 P.2d 897].) The liability of the owner in this case is to be determined upon a separate and equally well-settled principle of law. ■ One who leases a part of the premises, retaining control of other portions such as common walks or passages which the tenant is entitled to use, is subject to liability to persons lawfully on the land with the consent of the tenant for damages caused by a dangerous condition existing on the part under the owner's control, if by reasonable care he could have discovered the condition and made it safe. (*Bellon* v. *Silver Gate Theatres, Inc.*, 4 Cal.2d 1, 14 [47 P.2d 462]; *Spore* v. *Washington*, 96 Cal.App. 345 [274 P. 407]; see *Brown* v. *Pepperdine*, 53 Cal.App. 334, 336 [200 P. 36]; Rest., Torts, § 360; Prosser on Torts [1941], pp. 656-657; 32 Am.Jur. 561; 15 Cal.Jur. 741.) Accordingly, invitees of the tenant are regarded as being invitees of the owner while on passageways which invitees of the tenant have a right to use and which are under the owner's control. (*Spore* v. *Washington*, 96 Cal. App. at 350 [274 P. 407]; see 15 Cal.Jur. 741.)

■ The duty of the invitor to exercise reasonable care toward an invitee applies, however, only to that portion of the premises to which the invitee under the circumstances of the invitation would be likely to go. But where the invitee has been intentionally or negligently misled into the reasonable belief that a particular passageway or door is an appropriate means of reaching the business area, he is entitled to the protection of a visitor while using such passageway or door. (*Tschumy* v. *Brook's Market*, 60 Cal.App.2d 158, 164-166 [140 P.2d 431]; Rest., Torts, § 343, Comment b.) In other words, the invitation, and consequently the duty, of the invitor are sufficiently extensive to protect the business visitor in his use of such means of ingress and egress as by allurement or inducement, express or implied, he has been led to employ. (*Gastine* v. *Ewing*, 65 Cal.App.2d 131, 141 [150 P.2d 266]; *Stewart* v. *Lido Cafe*, 13 Cal.App.2d 46, 50, 52 [56 P.2d 553]; 19 Cal.Jur. § 56, p. 622.)

■ An invitor is not an insurer, however (*Adams* v. *Dow Hotel*, 25 Cal.App.2d 51 [76 P.2d 210]; *Jones* v. *Bridges*, 38 Cal.App.2d 341, 346 [101 P.2d 91]; *Mautino* v. *Sutter*

*Hospital Assn.,* 211 Cal. 556, 560 [296 P. 76] ; *Goldstein* v. *Healy,* 187 Cal. 206, 211 [201 P. 462]) ; and he is not liable for harm resulting from dangerous conditions of which he does not know and which could not be discovered by reasonable inspection (*Mondine* v. *Sarlin,* 11 Cal.2d 593, 597 [81 P.2d 903] ; *Wills* v. *J. J. Newberry Co.,* 43 Cal.App.2d 595, 599 [111 P.2d 346] ; *Van Wye* v. *Robbins,* 48 Cal.App.2d 660, 662 [120 P.2d 507] ; see Rest., Torts, § 343.)

Defendants rely on the cases of *Gabriel* v. *Bank of Italy,* 204 Cal. 244 [267 P. 544], and *Davis* v. *West Shore Co.,* 55 Cal.App.2d 220 [130 P.2d 459]. There is language in the Gabriel case suggesting that the duty which an invitor owes with respect to a portion of his premises usable by invitees in common with the general public is different from the duty he owes with respect to the portion of his premises inside a building. The Davis case, citing the Gabriel case as authority, held that an invitor was not liable for an injury to a business invitee caused by an obvious structural defect on a part of his premises that adjoined a public sidewalk and was used by the general public as well as by invitees. The language in the Gabriel case is confusing and led to the holding in the Davis case, which is clearly unsound and must be disapproved. ■ The rule is that an invitor owes a duty to business invitees to use reasonable care as to all portions of the premises over which he has control, whether they be within the precincts of the building or on the outside and used by the general public in common with invitees. (*Leighton* v. *Dean,* 117 Me. 40 [102 A. 565] ; *Crogan* v. *Schiele,* 53 Conn. 186, 207 [1 A. 899, 5 A. 673, 55 Am.Rep. 88] ; see *Zetley* v. *Jame Realty Co.,* 185 Wis. 205 [201 N.W. 252] ; *Tomle* v. *Hampton,* 129 Ill. 379 [21 N.E. 800] ; 58 A.L.R. 1042; *cf.* Rest., Torts, § 367.)

■ The evidence is sufficient to support a finding that the defendant owner was negligent. It encouraged patrons of its tenants to park their cars on the adjoining property and approach the building by way of the private walk. It had knowledge of the condition which caused the accident, and a jury could find that defendant owner should have foreseen that patrons parking at night, and unaided by any lighting, might fail to discover the ramp, and, in attempting to gain entrance to the building, step onto the walk at a dangerous place. Under these circumstances, it cannot be said as a matter of law that defendant owner was not negligent in fail-

ing to light the premises, or provide guard rails, or otherwise to protect or warn business invitees against the danger inherent in this particular approach.

### NEGLIGENCE OF TENANT.

■ The accident took place on a portion of the De La Guerra property that was not within the premises leased by defendant Smith. A tenant ordinarily is not liable for injuries to his invitees occurring outside the leased premises on common passageways over which he has no control. (*Readman* v. *Conway*, 126 Mass. 374; *Kirby* v. *Boylston Mkt. Assn.*, 80 Mass. (14 Gray) 249 [74 Am.Dec. 682]; *Murphy* v. *Alpine Press*, 291 Mass. 239 [196 N.E. 841]; *Reid* v. *Mimico* (Ont.), 1 D.L.R. 235; *Security Savings & Commercial Bank* v. *Sullivan* (Ct. of App., D.C.), 261 F. 461 [49 App. D.C. 119]; *Wilkens* v. *Western States Grocery Co.*, 167 Ore. 103 [114 P.2d 542]; *Creek* v. *Nonpareil Inv. Co.*, 66 Colo. 550 [185 P. 473]; 2 Underhill on Landlord & Tenant [1909], § 493, p. 813.) Responsibility in such cases rests on the owner, who has the right of control and the duty to maintain that part of the premises in a safe condition. It is clear, however, that if the tenant exercises control over a common passageway outside the leased premises, he may become liable to his business invitees if he fails to warn them of a dangerous condition existing thereon.

■ There is evidence in the present case that the tenant, defendant Smith, assumed some responsibility for, and exercised control over, the means of lighting the approaches to the side entrance to the De La Guerra building. When the building was first constructed, a single light was placed on the outside wall immediately above the door opposite the ramp. Smith installed a Neon sign, reading "EL PASEO," a few feet above the single light and connected the sign and the light in such a manner that they operated on one switch. Thus the Neon sign, which was under the control of Smith, served not only as an invitation to use the entranceway to the restaurant, but also to illuminate the general area. This evidence would support a finding and conclusion that Smith had a limited right of control over this portion of the premises and of the means of illuminating the entranceway, that he knew of the danger involved in using this approach at night, and that he negligently failed to warn plaintiff, a business invitee, of the dangerous condition.

CONTRIBUTORY NEGLIGENCE OF PLAINTIFF.

Defendants contend that plaintiff was guilty of contributory negligence as a matter of law. In support of their contention, it is asserted that there were three safe means of access to the side entrance available to plaintiff: By entering the private walk from Anacapa Street, by way of the ramp, and by crossing the dirt area and stepping off the wall at the point where plaintiff had stepped down to the private walk on the occasion of her previous visit. Defendants argue that, instead of using any of these means, plaintiff groped her way in the dark, through shrubbery, to a point where the wall was 18 inches above the walk, and stepped off, although she could not see the walk below. Plaintiff testified that she picked her way very carefully, that as she crossed the dirt area she did not see or feel any shrubbery, and that because of her prior experience in the area she thought there was a low step down to the private walk, like stepping from a sidewalk curb to a street. In view of the fact that plaintiff had found a safe means of reaching the private walk from the parking lot on the occasion of her prior visit, and of her ignorance of the variation in the height of the wall, we cannot say as a matter of law that she was guilty of contributory negligence in attempting to reach the walk by the same general method of approach that she had used before.

The judgment is reversed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.