DUNIWAY, J.
 

 Defendants appeal from a judgment against both of them, entered upon a jury verdict in an action for personal injuries, in the sum of $20,000. Defendant, the Board of Trustees of the Leland Stanford Junior University (Stanford), claims error in giving and refusing instructions. Defendant Woodward Clyde and Associates (Contractor) claims insufficiency of the evidence to establish any negligence on its part; that its own negligence, if any, did not cause the accident; that the negligence, if any, was that of Stanford alone; that plaintiff was, as a matter of law, a trespasser to whom it owed no affirmative duty of care; that plaintiff was guilty of contributory negligence as a matter of law; and that the damages awarded were grossly excessive as a matter of law. We find no error.
 

 The Facts
 

 The accident occurred on lands of Stanford now the site of its medical center, and then vacant and known as the aster beds. At the time of the accident, on March 28, 1956, the
 
 *409
 
 land was vacant, level, not traversed by any roads, and, while a part of the "Stanford Farm,’’ located at some distance from the portions then in active use by the university. It was reasonably free of weeds, and the ground itself was readily visible. The area in question was leased, by Stanford, by written lease, to one Prentice, and by him sublet, by written sublease, to one Redetzke, both leases being then in effect. It had been used for growing asters. The growers had oral subleases from Redetzke, which had expired on December 31, 1955. It was the practice of Redetzke to lease various areas, of a few acres each, to Chinese growers, each of whom would use his area during one year, and then, in the next year, move to another area because asters could not be successfully grown on the same land in successive years. One of the growers was Walter Chuck, and plaintiff Tee Chuck was his employee. Apparently the accident occurred on adjoining land leased by Redetzke to one Sam Lock, not on that leased to Walter Chuck.
 

 Stanford was planning to erect its medical center on the property, and all of the growers moved off in the latter part of 1955. It had been the practice each year for the growers, at the close of the growing season and usually before the end of the calendar year, to clean up the land, removing all debris, outhouses, bunkhouses, and other material left on the land. This was required by their oral subleases and by Stanford. However, because of heavy rains this was not done in 1955, and plaintiff, Sam Lock, and others had returned for this purpose, and were jointly engaged in a cleanup of the area, when the accident occurred.
 

 In preparation for the erection of its medical center buildings, Stanford hired the Contractor to make soil tests, including test borings, in order to determine the type of foundations necessary. The Contractor was a true independent contractor, not an agent of Stanford. One of the test holes was about 3 feet square and over 30 feet deep. Certain tests were made while this hole was being dug, but it was not filled in thereafter because the Contractor might have further use for it—to see to what extent water would seep in, and for making further inspections and tests of the soil. The hole was completed sometime in February. One of the Contractor’s employees testified that he covered it with the platform or floor of an old outhouse left there by the growers, placing a small box over a hole in the platform, and placing on it a few heavier boards, 4 inches or 6 inches by 6 inches, and about 4 feet long, and some stones, to hold it down. The platform was about 3% feet square and light enough that one
 
 *410
 
 man could lift it and throw it aside. No railing was ever erected around the hole, no warning sign or flag was ever placed at or near it and nothing was done thereafter, either by the Contractor or by Stanford, to see whether the cover remained on it, or the boards and stones remained on the cover. At the time of the accident few, if any, of these weights were on the cover and it may not have been still over the hole.
 

 Stanford had the right to terminate the Prentice and Redetzke leases, but did not do so, nor does it appear that it had permission from either of them to go on the land, either itself or through the Contractor.
 

 On the day in question, plaintiff had picked up a few boards that were lying on the property, may have tripped on something, and fell in the hole. He did not see the hole, or any warning signs or barriers. He was severely injured. He suffered two fused vertebrae, was hospitalized for nearly six weeks, suffered severe pain, and was rendered incapable of working. He had been earning $3,000 per year plus board and room. His medical expenses were $1,138.22, and there was a prospect of further expense. He was 73 years old and had a life expectancy of over seven years.
 

 We have stated the facts in the light most favorable to the plaintiff, resolving all conflicts and drawing all inferences in his favor, since he obtained the verdict.
 

 The Relationship of the Parties
 

 A.
 
 Stanford was a trespasser.
 

 Stanford, as owner, had no right to be upon the land without the permission of the sublessee, Redetzke. A lease gives the lessee “the right to occupy a parcel of land to the exclusion of the grantor” (landlord).
 
 (Bachenheimer
 
 v.
 
 Palm Springs etc. Corp.,
 
 116 Cal.App.2d 580, 591 [254 P.2d 153].) Thus the jury could have found that, in taking possession, either itself or through the Contractor, Stanford, was, as to Redetzke, a trespasser. (Rest., Torts, § 329, Comment d;
 
 Oettinger
 
 v.
 
 Stewart,
 
 24 Cal.2d 133 [148 P.2d 19,156 A.L.R. 1221].) It could also be found that Stanford was not a mere casual trespasser, such as a hunter, fisherman, or hiker who enters on the lands of another but does not take possession, but that it had taken possession. A trespasser who takes and holds possession of another’s land is, as to all the world except one having a superior right and those claiming under him, the owner, and his rights and liabilities, in relation to a third person, are those of an owner.
 

 
 *411
 
 (Rest., Torts, § 329, Comment a 1, c; Prosser, Torts, § 75, p. 427; § 76, pp. 433, 434.) However, as against those having superior rights, the possessor remains a trespasser, and his rights and liabilities, as to such persons, are those of a trespasser only, and not those of a possessor. (Rest., Torts, § 329, and Comment d; § 380, and Comments c, d; § 381, and Comment b; Prosser, Torts, §76, p. 434;
 
 cf. Hamakawa
 
 v.
 
 Crescent Wharf etc. Co.,
 
 4 Cal.2d 499, 503 [50 P.2d 803].)
 

 B.
 
 The contractor was subject to the same rights and duties as Stanford.
 

 The Contractor had no greater right than Stanford, and is subject to the same liabilities on account of the condition that it created upon the land as Stanford, because it was working upon the land solely by reason of its contract with Stanford. (Rest., Torts, § 383, and Comments a, b; § 384, and Comments a, c, e, h; Prosser, Torts, § 76, p. 434;
 
 Donahoo
 
 v.
 
 Kress House Mov. Corp.,
 
 25 Cal.2d 237 [153 P.2d 349].)
 

 C.
 
 Stanford was not insulated from liability.
 

 Stanford, on the other hand, cannot insulate itself from liability for the condition created on the land by its Contractor by claiming that the Contractor was an “independent Contractor.” Stanford would not ordinarily be liable to third persons for negligence of the Contractor in doing the work, that is, for “active conduct,” but that is not what is here involved. (Prosser, Torts, § 75, p. 432;
 
 Snyder
 
 v.
 
 Southern Calif. Edison Co.,
 
 44 Cal.2d 793, 797 [285 P.2d 912] ;
 
 Oettinger
 
 v.
 
 Stewart, supra,
 
 24 Cal.2d 133, 137-138.)
 

 D.
 
 Plaintiff was an invitee or business visitor.
 

 Redetzke, as lessee, was entitled to the possession of the land. The jury could find that plaintiff was an invitee of Redetzke, there on behalf of both Sam Lock and Walter Chuck, Redetzke’s former lessees, to help them carry out their legal obligation to Redetzke as his sublessees, and of Redetzke to Stanford, to clean up the land. Plaintiff was thus a business visitor as defined in the Restatement of Torts, section 332.
 
 (Cf. Donahoo
 
 v.
 
 Kress House Mov. Corp., supra,
 
 25 Cal.2d 237, 242-243;
 
 Johnston
 
 v.
 
 De La Guerra Properties, Inc.,
 
 28 Cal.2d 394, 399 [170 P.2d 5];
 
 Oettinger
 
 v.
 
 Stewart, supra,
 
 24 Cal.2d 133, 136;
 
 Crane
 
 v.
 
 Smith,
 
 23 Cal.2d 288, 297 [144 P.2d 356].) As against plaintiff, Stanford could be found to be a trespasser, since plaintiff was there on Redetzke’s business and Stanford could be found to be a trespasser as against Redetzke.
 

 
 *412
 
 The Contractor’s Appeal
 

 1.
 
 The evidence is sufficient to sustain a finding of negligence Toy the Contractor.
 

 The Contractor created upon the land a dangerous condition, and we are of the opinion that the jury could properly find that it was negligent in two respects: the manner in which it covered the hole, including failure to erect barricades or place warning signs or flags, and its failure to inspect from time to time to see whether the hole remained properly covered and protected. The presence on flat land of an old floor of an outhouse with some stones and boards on it would be no warning to anyone that it covered a hole over 30 feet deep and 3 feet square, especially when there were other boards and rocks lying around. It can hardly be claimed that such a hole is not a dangerous condition upon the land.
 

 The Contractor owed to plaintiff the same duty as Stanford, at all times material to this case. ‘‘One who on behalf of the possessor of land . . . creates any . . . condition thereon is subject to the same liability ... as though he were the possessor of the land, for bodily harm caused to others within . . . the land, while the work is in his charge, by the dangerous character of the . . . condition.” (Rest., Torts, § 384, and see Prosser, Torts, § 76, p. 434.) Comments a, b and c to section 384, and Comment a to section 383 of the Restatement make it clear that section 384 applies to an independent contractor as well as to a servant or agent. This rule was applied by our Supreme Court to a similar situation in
 
 Donahoo
 
 v.
 
 Kress House Mov. Corp., supra,
 
 25 Cal.2d 237, 245. See also
 
 Coggins
 
 v.
 
 Hanchette,
 
 52 Cal.2d 67, 74 [338 P.2d 379], citing the Restatement, section 384.
 

 Since plaintiff was, as we have shown, a business visitor, the Contractor, like Stanford, is liable to him “for bodily harm caused . . . by [a]n . . . artificial condition [on the land] if, but only if, he (a) knows, . . . the condition which, ... he should realize as involving an unreasonable risk to them [business visitors], and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, and (c) invites . . . them to enter . . . upon the land without exercising reasonable care (i) to make the condition reasonably safe, or (ii) to give a warning adequate to enable them to avoid the harm ...” (Rest., Torts, § 343.) See also:
 
 Iloff
 
 v.
 
 Purity Stores, Ltd.,
 
 178 Cal.App. 2d 1, 2 [2 Cal.Rptr. 735]. Section 343 has been repeatedly
 

 
 *413
 
 cited and applied by our Supreme Court.
 
 (Hinds
 
 v.
 
 Wheadon,
 
 19 Cal.2d 458 [121 P.2d 724] ;
 
 Crane
 
 v.
 
 Smith, supra,
 
 23 Cal.2d 288;
 
 Oettinger
 
 v.
 
 Stewart, supra,
 
 24 Cal.2d 133;
 
 Johnston
 
 v.
 
 De La Guerra Properties, Inc., supra,
 
 28 Cal. 2d 394;
 
 Johnston
 
 v.
 
 Long,
 
 30 Cal.2d 54 [181 P.2d 645];
 
 Devens
 
 v.
 
 Goldberg,
 
 33 Cal.2d 173 [199 P.2d 943] ;
 
 Bridgman
 
 v.
 
 Safeway Stores, Inc.,
 
 53 Cal.2d 443, 446 [2 Cal.Rptr. 146, 348 P.2d 696].) As we shall see, because Stanford was a trespasser as against plaintiff, it owed him a higher duty. (See point 1, under the heading “Stanford’s Appeal,”
 
 infra.)
 
 But assuming for the moment that ¡Restatement, section 343, states Stanford’s duty, that duty could have been found violated by the Contractor, because it owed the same duty as its principal, Stanford.
 

 2.
 
 The negligence of the Contractor caused the accident.
 

 The foregoing discussion, we think, sufficiently covers this point. A jury could properly find that if the Contractor had properly covered the hole, barricaded it, or erected . warnings, and had seen to it that these protections were not removed, the accident would not have happened.
 
 (Bonahoo
 
 v.
 
 Kress House Mov. Corp., supra,
 
 25 Cal.2d 237, 245-246.)
 

 3.
 
 The negligence of Stanford was not the sole cause of the accident.
 

 Contractor apparently contends that it had completed its work and turned the hole over to Stanford in a safe condition, and that, having done so, it was relieved of further liability. If these were the facts, the conclusion would follow. (Rest., Torts, § 384, and Comment g.) The difficulty with this contention is that the jury could properly find both that the property was not in a safe condition and that the Contractor had not completed the work but, on the contrary, had intentionally kept its control of the hole in order to make further tests and observations. These facts were brought out by Contractor’s own counsel, from its own witnesses. Contractor put its argument in somewhat different form—that Stanford’s negligence was a nonforeseeable, intervening cause of the accident. It cites such cases as
 
 Stasulat
 
 v.
 
 Pacific Gas & Elec. Co.,
 
 8 Cal.2d 631, 638 [67 P.2d 678] ;
 
 Stulz
 
 v.
 
 Benson Lumber Co.,
 
 6 Cal.2d 688 [59 P.2d 100];
 
 McMillan
 
 v.
 
 Thompson,
 
 140 Cal.App. 437 [35 P.2d 419], and
 
 Newman
 
 v.
 
 Steuernagel,
 
 132 Cal.App. 417 [22 P.2d 780]. These eases are not in point, because here the Contractor had itself retained control of the hole. Both Stanford and the Contractor, concurrently, owed plaintiff the same duty. (See point 1,
 
 supra.)
 

 
 *414
 
 4.
 
 Plaintiff was not, as a matter of law, a trespasser.
 

 This point is fully covered in our discussion of the relationship of the parties.
 

 5.
 
 Plaintiff was not guilty of negligence as a matter of law.
 

 Contractor contends that if plaintiff had exercised due care he would not have fallen in the hole. This, we think, was for the jury to decide. Plaintiff knew nothing of the hole, and there was nothing to warn him of its existence. It is not necessarily negligent, although it may be, to trip and fall. Contractor suggests that plaintiff attempted to lift the platform that covered the hole, and that its very nature should have warned him that there would be a hole under it. However, the evidence is conflicting as to whether plaintiff did attempt to lift the platform. Moreover, the outhouse was gon
 
 e
 
 only the platform or floor remained, and it had been moved away from the hole that it had once covered.
 
 (Cf. Donahoo
 
 v.
 
 Kress House Mov. Corp., supra,
 
 25 Cal.2d 237, 247.)
 

 6.
 
 The award was not excessive as a matter of law.
 

 As plaintiff’s counsel points out, lost earning capacity alone, $3,000 per year (leaving room and board out of account) for plaintiff’s life expectancy of over seven years, would be about equal to the total award of $20,000. This does not take into account medical expenses, actual or prospective, or pain and suffering. The question was peculiarly one for the jury in the first instance, and for the court on motion for new trial, which was denied.
 
 (Crane
 
 v.
 
 Smith, supra,
 
 23 Cal. 2d 288, 302;
 
 Johnston
 
 v.
 
 Long, supra,
 
 30 Cal.2d 54, 76.)
 

 Stanford’s Appeal
 

 1.
 
 The court properly instructed, the jury that it could find that Stanford was a trespasser.
 

 The instruction complained of is as follows: “A landowner can be a trespasser upon land leased to a tenant. Whether or not Stanford University was a trespasser on the land at the time of the digging of the hole and at the time of the happening of this accident is a fact which you will have to decide.
 

 “A trespasser on land is subject to liability for negligence to others whom he should recognize as likely to be on the land as servants of the possessor, business invitees or gratuitous licensees or as trespassers for bodily harm caused to them by any act done, activity carried on, or condition created while upon the land by the trespasser which he should recognize as involving an unreasonable risk of causing such harm to them.’’
 

 
 *415
 
 We have already shown that Stanford could be found to be a trespasser as against Redetzke, and that plaintiff, being a business visitor of Redetzke’s, could assert the same duty of care toward himself, on Stanford’s part, as Redetzke could. Stanford contends that if it were a trespasser, this was no concern of plaintiff, nor a situation by reason of which plaintiff was entitled to any advantage. It cites such cases as
 
 Ebersol
 
 v.
 
 Trainor,
 
 81 Ill.App. 645, and
 
 Satterberg
 
 v.
 
 Pacific Gas & Electric Co.,
 
 58 Cal.App.2d 296 [136 P.2d 43]. Those cases are not in point here, because they do not involve the rights of a business guest of a lessee against a trespassing landlord. Stanford does not claim that the statement of a trespasser’s duties contained in the foregoing instruction is incorrect; it only claims that no instruction should have been given indicating that it was a trespasser. This contention, under the peculiar facts of the case, is without merit.
 

 2.
 
 Stanford is not shielded by the fact that the Contractor was an independent contractor.
 

 Stanford claims error in the refusal of the court to instruct the jury that it could not be held responsible for the negligence of the Contractor. We have already answered this contention in our discussion of the relationship of the parties. Moreover, the court instructed the jury to consider the liability of each defendant separately, and gave no instruction that the negligence of the Contractor could be imputed to Stanford. It did properly tell the jury, in substance, that Stanford had a duty to keep the property in a condition reasonably safe for the invitee, that knowledge of the
 
 condition
 
 (not of the Contractor’s acts—plaintiff was not injured by any
 
 activity
 
 of the Contractor) was imputed to Stanford, and that the relationship of independent contractor between Stanford and the Contractor would not relieve Stanford of liability for the
 
 condition.
 
 These were correct instructions. (See
 
 Risley
 
 v.
 
 Lenwell,
 
 129 Cal.App.2d 608 [277 P.2d 897];
 
 Smith
 
 v.
 
 San Joaquin etc. Power Corp.,
 
 59 Cal.App. 647 [211 P. 843] ;
 
 Potter
 
 v.
 
 Empress Theatre Co.,
 
 91 Cal.App.2d 4 [204 P.2d 120]; Rest., Torts, §§ 384, 413, 416, and discussion
 
 supra
 
 in point C under the heading “The Relationship of the Parties.”)
 

 Affirmed.
 

 Bray, P. J., and Tobriner, J., concurred.