[Civ. No. 19042. First Dist., Div. One. Mar. 27, 1961.]

WILLIAM SAMPLE, Appellant, v. S. H. KRESS AND COMPANY (a Corporation), Respondent.

Hugh B. Miller and John H. Lenz for Appellant.

Walter C. Kohn and Lawrence Weitzer for Respondent.

DUNIWAY, J.—Plaintiff appeals from a judgment of nonsuit entered in an action for personal injuries. He claims (1) that the evidence was sufficient to go to the jury, (2) that the doctrine of res ipsa loquitur applies, and (3) that the court erroneously denied his motion for leave to reopen. We find no error.

We state the facts most favorably to appellant, as we are required to do on appeal from a judgment of nonsuit. In doing so, we assume the truth of appellant's own description of the accident, including those portions thereof that may tend to sustain the judgment. We do not think that the rule as to nonsuit permits a plaintiff to ask us to disbelieve his own uncontradicted testimony in order to find error in granting a nonsuit. Our statement includes those facts that appellant sought to prove on his motion to reopen.

Appellant, a truck, driver, arrived at the rear of respondent's store on Stevenson Street in San Francisco with a load of merchandise for the store. He entered the store in search of a receiving clerk and was directed to the second floor. There was a freight elevator alongside the place where he was standing. On motion to reopen, appellant offered to show that the employee of whom he inquired directed him, by gesture, to that elevator. The doors leading to the elevator were closed. They were steel doors, placed horizontally, and when they were opened the lower door dropped down so that its top was level with the floor and the upper door simultaneously rose so that its bottom was level with the top of the opening into the elevator shaft. Hanging from the bottom edge of the outside of the upper door was a light colored strap of webbing, something over a foot long. Next to the strap was a plainly lettered sign: "Close carefully." Appellant opened the doors by pulling up on this strap. He had never used the elevator before, but was familiar with and had operated similar freight .elevator doors.

Hanging from the lower edge of the inside of the upper door was a similar, somewhat shorter strap. The inside and outside straps were opposite each other and a few inches apart. Appellant took hold of the inner strap and pulled down, to close the doors. They moved, according to his testimony, "fast," "faster than an ordinary door"; "so fast,"

"too fast," "very fast," "faster than any door I had ever seen." His hand, holding the strap, "shot right in between those two steel doors and got crushed." The doors did not stick, nor did they "collapse." Appellant testified that he knew that if he pulled very hard, the door would come down faster than if he pulled "easy," that he had to judge for himself how hard to pull, that some doors "you have to pull harder than others."

Counsel offered, on motion to reopen, to prove, by a witness not named, "that the door, when you reach up and pull it, at all times both before this accident and after the accident, up to the present time even, comes down hard with a crash when you pull down on it."

### 1. *The evidence was insufficient.*

There was no activity by any agent of respondent that caused the accident. Its liability, if any, must be predicated upon a dangerous condition on its premises. Appellant was clearly a business invitee, and respondents owed him the duty defined in the Restatement of Torts, section 343. (See *Yee Chuck* v. *Board of Trustees*, 179 Cal.App.2d 405, 412-413 [3 Cal.Rptr. 825], and cases there cited.) ▆ Respondent's duty was not to create a dangerous condition (a) which respondent "should realize as involving an unreasonable risk to" appellant *and* (b) as to which respondent had "no reason to believe that" appellant "will discover the condition or realize the risk involved therein," *and* (c) respondent invites appellant to enter "without exercising reasonable care (i) to make the condition reasonably safe, or (ii) to give warning adequate to enable" appellant "to avoid the harm. . . ." (*Ibid*, p. 412, quoting the Restatement.)

▆ We do not think that appellant has produced any evidence of violation by respondent of this duty. We see nothing to support a finding either that respondent had created a dangerous condition, or if it had, that respondent had no reason to believe that appellant would discover that there would be danger of injury. Appellant's testimony affirmatively shows that the door was a "regular door"; that he pulled the "inside strap"; that he had operated similar elevators and was familiar with the way in which they operated; that he knew that he "would have to open and close the doors very carefully"; that the doors are heavy steel doors; that when he was inside the elevator he was not supposed to pull the outside strap, because if he did "the hand

had a chance of getting cut''; that ''you don't get as much leverage . . . when you are on the outside and pulling it up as when you are inside and pulling it down with your body''; that the strap ''moves freely out away from the door''; that he had a clear view of the strap and the doors; that he had the strap pulled away from the door. Here the appellant did know of the danger, and respondent had every reason to think that he would know, unless we consider that the fact that the doors closed ''fast'' was a concealed danger. As to the insufficiency of the evidence stated in such terms as ''fast,'' see *Diamond* v. *Weyerhaeuser*, 178 Cal. 540, 543 [174 P. 38]; *McKinley* v. *Dalton*, 128 Cal.App. 298 [17 P.2d 160]; *Rosander* v. *Market Street Ry. Co.*, 89 Cal.App. 710 [265 P. 536]; *Bates* v. *Escondido Union H. S. Dist.*, 9 Cal. App.2d 43, 45 [48 P.2d 728].

Nor can we find any evidence that would support a finding that the warning—''close carefully''—was not adequate warning to enable him to avoid the harm particularly as applied to appellant, who was familiar with this type of door.

We also think that there is not sufficient evidence that respondent had created an unreasonable risk in the first place. The evidence, including photographs of the door and the straps, seems to us conclusive on the proposition that anyone using due care would not get his hand between the doors when pulling the inside strap in the manner in which appellant did, whether the doors closed ''fast'' or not. In other words, it appears to us that there is no evidence of an unreasonable risk to anyone using the inside strap. If the evidence showed that the door fell, without having to be pulled, the case might be different, but there is no such evidence.

The case is unlike *United States* v. *Trubow*, 214 F.2d 192, upon which appellant chiefly relies. There, a similar elevator was involved, but the evidence showed that the lighting was bad and that the inside strap may have been broken, as a result of which conditions the plaintiff, who was inside the elevator, pulled an outside metal handle to close the doors.

2. *Res ipsa loquitur does not apply.*

■ As stated in *Zentz* v. *Coca Cola Bottling Co.*, 39 Cal.2d 436, 443 [247 P.2d 344]: ''the doctrine is not applicable where it is 'at least equally probable that the accident was caused by some fault . . . for which the defendants were not liable' and where 'it cannot be said that it is more likely than not that the accident was caused by the negligence of defendants.' '' ■ And at pages 444-445, ''a plaintiff may

properly rely upon res ipsa loquitur even though he has participated in the events leading to the accident *if the evidence excludes his conduct as the probable cause.*" (Emphasis added.) Here the evidence certainly does not do so; on the contrary, it seems to us that the evidence points strongly to the conclusion that the most probable cause of the accident was appellant's conduct rather than respondent's, and would not support a finding that it is more likely than not that the accident was caused by the negligence of respondent. We do not think that the jury could have been told, on the evidence in this case, that it could find the necessary elements of the doctrine and apply it. Closely in point is *Barbiere* v. *Law,* 209 Cal. 429, 433 [287 P. 464].

One of the reasons for the application of the doctrine is that the defendant is presumably in a better position to explain the cause of the accident than the plaintiff, so that it is not unfair to shift the burden of doing so to the defendant. We do not see how that reasoning can be applied to this case.

3. *The court properly denied the motion to reopen.*

 The motions seem to us to be insufficient, being too vague and general to enable the court to pass upon them intelligently. (See *Douillard* v. *Woodd,* 20 Cal.2d 665, 670 [128 P.2d 6] ; *Moore* v. *Rogers,* 157 Cal.App.2d 192, 197 [320 P.2d 524].) But aside from that, we have assumed, in the foregoing, the facts that counsel offered to prove. Since the nonsuit was proper, even on that assumption, no prejudice resulted from denial of the motions.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.