[Civ. No. 18053.   First Dist., Div. Two.   Nov. 3, 1958.]

MARY F. BOTH, Respondent, v. JULIUS HARBAND
et al., Appellants.

Partridge, O'Connell & Partridge for Appellants Harband.

Bronson, Bronson & McKinnon for Appellant Japan Air Lines.

W. A. Lahanier and John F. Gallen for Respondent.

DRAPER, J.—As she walked along the sidewalk on Grant Avenue in San Francisco, plaintiff was struck by a piece of material which fell from the decorative exterior facing of a building. She brought this action against a number of defendants and, after jury trial, recovered judgment against Mr. and Mrs. Harband, the owners, and Japan Air Lines, the tenants, of the building from which the object fell. Owners and tenant separately appeal.

The trial court instructed the jury that the owners must exercise ordinary care to maintain the building in such condition that it would not become dangerous to travelers on the walk in front of the building, specifying that this duty required but reasonable inspection and the use of ordinary care in repairing within a reasonable time. Appellant owners do not dispute the accuracy of the rule stated in the instructions, if they retained control of the portion of the premises here involved. They contend, however, that the question of control was one of fact, which should have been left to the jury. It is the power and duty of control which governs. (Rest., Torts, § 378.) Here the lease expressly provided that "Lessor reserves the exclusive right to the roof and to all exterior walls . . . and the same are not covered by this lease," and lessor agreed to make necessary repairs to the exterior walls. The owners point to other portions of the lease which they claim are in conflict with this provision. We find no such conflict. In any case, construction of the lease is a question of law for the court. (*Livingston Rock & Gravel Co.* v. *De Salvo,* 136 Cal.App.2d 156, 160 [288 P.2d 317].)

Since the lease expressly excepted the exterior walls from its operation, and placed upon the lessor the duty of repairing such walls, the instruction was correct. ·

The owners argue that the evidence is insufficient to support any finding of negligence on their part. Much of their argument is based upon the misconception that they are liable only for such negligence as affirmatively caused the defect. But their liability is for failure to correct, within a reasonable time, such defects within the portion of the building under their control as would have been revealed by reasonable inspection. (See *Reiman* v. *Moore*, 42 Cal.App.2d 130 [108 P.2d 452] ; *McDonell* v. *American Trust Co.*, 130 Cal. App.2d 296 [279 P.2d 138] ; *Columbia Lab., Inc.* v. *California Beauty etc. Co.*, 24 Cal.2d 114 [148 P.2d 15].) There is evidence that in the three years after their purchase of the building the owners made no inspection of it. There is testimony by a fire department captain that a bulge in the decorative facing was observed on visual inspection. There was testimony to the contrary, but under the well-established rule the testimony and the inferences most favorable to the prevailing party are to be considered by us. As will be pointed out, we consider the instructions on res ipsa loquitur properly given, and this doctrine gives rise to an inference against defendants. The evidence is sufficient to sustain the verdict as against the owners.

Appellant owners next contend that no instruction on res ipsa loquitur should have been given, although the record indicates that at least the substance of this instruction was offered by them. In any case, we are satisfied that the doctrine of res ipsa loquitur properly applies to this case. The classical res ipsa case is that of the falling barrel or safe. The present case appears indistinguishable from such situations. Appellant owners argue that there is no showing of any probability that any negligence of theirs caused respondent's injury. They point to evidence that the lessee, through independent contractors, made an alteration in the front of the building, erected a sign, and caused the windows to be washed. These acts, they say, are the more probable causes of the loosening of the object which fell. They entirely overlook the basis of liability heretofore pointed out. The owners, in reserving the exterior walls from the lease and in agreeing to repair them, assumed as to one in plaintiff's position the duty of using ordinary care in inspection and repair.

Similarly inapplicable is their argument that res ipsa

loquitur cannot apply to them because they did not have exclusive control of the building. This argument overlooks the fact that exclusive control is no longer a rigidly exclusive test of applicability of res ipsa. (See *Ybarra* v. *Spangard,* 25 Cal.2d 486 [154 P.2d 687, 162 A.L.R. 1258] ; *Biondini* v. *Amship Corp.,* 81 Cal.App.2d 751 [185 P.2d 94].)

More important, it overlooks the fact that by their lease appellant owners retained the right of exclusive control of the exterior walls of the building and agreed to make all necessary repairs to it. Equally inapt is the owners' argument that the jury should have been instructed that respondent, before invoking res ipsa loquitur, must show that the instrumentality was not mishandled or the condition changed after relinquishment of control by the owners. The owners, by their own contract, refused to relinquish control. The doctrine applies, and the jury was properly instructed upon it.

One clause of the lease provided that lessee should hold owners harmless from claims of third parties from specified causes. When the lease was admitted in evidence, this clause was excluded and was blocked out of the document. The owners assign this as error, asserting that "the jury should have been permitted to pass upon the lease document as a whole." It is elementary that construction of the lease was for the court, and not for the jury. Further, the description of losses against which lessee indemnified lessor did not include an injury of the type here involved. In any event, the indemnity agreement would not relieve the owners of liability to respondent. (Civ. Code, § 2777.) Thus the exclusion of that clause from the jury's consideration cannot have prejudiced the owners.

Appellant owners assert error in the refusal of their offered instruction that an intervening agency may become the proximate cause of an injury. (BAJI 104-C.2.) Here again they fail to recognize that the negligence charged against them is their failure to discover and repair, within a reasonable time, a reasonably discoverable defect, however caused.

The final error claimed by appellant owners concerns the cross-examination of one McSparren, foreman in charge of the original installation of the decorative facing in 1938, 17 years before respondent's injury. The owners attempted to examine him as to his knowlege of an ordinance regulating such installation which was adopted some eight years after his work was completed. The court's ruling sustaining objection to such examination seems entirely proper. Even

if erroneous, it would not be prejudicial, since it did not deal with the basic issue of whether the owners should reasonably have discovered and repaired the defect before the 1955 injury.

As to Japan Air Lines, the tenant of the building, the court instructed the jury that it, as well as the owners, "owed plaintiff the duty of exercising ordinary care to maintain the premises in such a condition that they would not become dangerous to travelers" in front of the building. The tenant asserts that this instruction assumes that it exercised control of the exterior wall of the building, thus taking from the jury the fact question whether such control existed. We agree.

A tenant who exercises control over a common passageway outside the leased premises may become liable to his business invitees for failure to warn them of a dangerous condition of the passageway. (*Johnston* v. *De La Guerra Properties, Inc.*, 28 Cal.2d 394, 401 [170 P.2d 5].) This decision recognizes that actual exercise of control by the tenant, even though the lease itself confers no right of such control upon him, can subject him to liability. We find no California case imposing a like duty to a passer-by injured by the dangerous condition of a wall over which the tenant in fact exercises control. Other jurisdictions, however, have adopted this rule. (*Marzotto* v. *Gay Garment Co.*, 11 N.J. Super. 368 [78 A.2d 394]; see also *Johnson* v. *Prange-Geussenhainer Co.*, 240 Wis. 363 [2 N.W.2d 723].) The tenant substantially concedes that one who, although not obligated by contract, undertakes to control and maintain portions of a building occupied by him should expect to be held to the standard of reasonable care in doing so. Whether his conduct in fact shows such assumption of control clearly is a question of fact for the jury. (See *Johnston* v. *De La Guerra Properties, Inc., supra*; *Bellon* v. *Silver Gate Theatres, Inc.*, 4 Cal.2d 1 [47 P.2d 462]; *Marzotto* v. *Gay Garment Co., supra*.) Here the tenant had made alterations to the front of the building, installed a sign upon it, and contracted for the periodic cleaning of the windows. This evidence, and the inferences which might be drawn from it and other testimony, would warrant submission to the jury of the question whether the tenant in fact exercised control over the portion of the building whose defective condition caused respondent's injury. The issue should have been submitted to the jury.

Of course, as is implicit in the decision in *Johnston* v. *De La*

*Guerra Properties, Inc., supra,* the liability of the owners does not bar recovery against the tenant, and the jury could have found either way upon the liability of the latter.

Judgment affirmed as to appellants Harband, and reversed and remanded for new trial as to appellant Japan Air Lines.

Kaufman, P. J., and Martinelli, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.